**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **CENTOCOR ORTHO BIOTECH, INC. and NEW YORK UNIVERSITY,** | ) ) ) ) |
| **Plaintiffs,** | ) **Civil Action No. 2:09-cv-389 (TJW)** ) |
| **v.** | ) ) **JURY TRIAL DEMANDED** |
| **ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., and ABBOTT BIOTECHNOLOGY LTD.** | ) ) ) ) |
| **Defendants.** | ) ) |

**COMPLAINT**

Plaintiffs Centocor Ortho Biotech, Inc. ("Centocor") and New York University ("NYU") (collectively, "Plaintiffs"), for their complaint against Defendants Abbott Laboratories ("Abbott Labs"), Abbott Bioresearch Center, Inc. ("ABC"), and Abbott Biotechnology Ltd. ("ABL") (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.     This is a patent infringement action for continuing damages, including but not limited to actual and enhanced damages, following a June 29, 2009 jury verdict where Defendants were found to have infringed Plaintiffs' valid United States Patent No. 7,070,775 (the "775 Patent").  The jury verdict awarded Plaintiffs One Billion, Six Hundred Seventy Two Million, Five Hundred Ninety Four Thousand Dollars ($1,672,594,000) in lost profit and reasonable royalty damages on account of Defendants' infringement up through the time of trial. In a final judgment dated December 18, 2009, Plaintiffs were awarded the full amount of the jury

verdict, as well as One Hundred Seventy Five Million, Six Hundred Forty One Thousand, Six

Hundred Sixty One Dollars ($175,641,661) in prejudgment interest, as well as their costs.

Plaintiffs bring this action to seek recovery of all damages incurred since the time of the jury's

verdict on account of Defendants' continuing willful infringement of Plaintiffs' 775 Patent

rights.

### PARTIES

2.       Centocor is a corporation organized and existing under the laws of the

Commonwealth of Pennsylvania with its principal place of business at 800/850 Ridgeview

Drive, Horsham, Pennsylvania 19044.

3.       NYU is a research university organized as a corporation and existing under the

laws of the State of New York and having a place of business at 70 Washington Square South,

New York, New York 10012.

4.       Upon information and belief, Defendant Abbott Labs is a corporation organized

and existing under the laws of the State of Illinois with its principal place of business at 100

Abbott Park Road, Abbott Park, Illinois 60064.

5.       Upon information and belief, Defendant ABC is a wholly owned subsidiary

corporation of Abbott Labs that is organized and existing under the laws of the State of Delaware

and has a principal place of business at 100 Research Drive, Worcester, Massachusetts 01605.

6.       Upon information and belief, Defendant ABL is a wholly owned subsidiary

corporation of Abbott Labs that is organized and existing under the laws of Bermuda and has a

place of business at Carr #2 Km. 59.2, Segundo Piso, Barceloneta, Puerto Rico 00617.

**JURISDICTION AND VENUE**

7.      This action arises under the United States patent laws, 35 U.S.C. §§ 271 and 281-285.

8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**CLAIMS FOR RELIEF**

10.      On July 4, 2006, the United States Patent and Trademark Office ("USPTO") duly and legally issued the 775 Patent, which is entitled "Recombinant A2-Specific TNFα Specific Antibodies" and is assigned to Centocor and NYU as co-assignees.  NYU has granted Centocor an exclusive license to the 775 Patent.  A true and correct copy of the 775 Patent is attached as Exhibit 1 to this Complaint.

11.      The 775 Patent claims antibodies and antibody fragments that bind Tumor Necrosis Factor-α ("TNF-α").  The claimed antibodies and antibody fragments are useful in the therapy of a number of TNF-α-mediated pathologies and conditions, such as rheumatoid arthritis.

12.      On April 16, 2007, Plaintiffs filed a Complaint alleging that Defendants are infringing, inducing infringement, and/or contributing to the infringement of, the 775 Patent by virtue of their manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of adalimumab (D2E7) (sometimes in a pharmaceutical composition sold under the trade name Humira®).  This case proceeded to a jury trial on June 22-29, 2009.

13.      On June 29, 2009, the jury in the above-referenced patent infringement trial returned a verdict in favor of Plaintiffs.  A copy of the jury verdict form is attached as Exhibit 2.

14.     In its verdict, the jury determined that Defendants infringed all asserted claims of the 775 Patent. Ex. 2 at 2.

15.     The jury also determined that none of the asserted claims of the 775 Patent had been proven to be invalid. *Id.* at 3.

16.     In view of Defendants' infringement of the 775 Patent, the jury awarded Plaintiffs lost profit damages of One Billion, One Hundred Sixty Eight Million, Four Hundred Sixty Six Thousand Dollars ($1,168,466,000) and reasonably royalty damages of Five Hundred Four Million, One Hundred Twenty Eight Thousand Dollars ($504,128,000). *Id.* at 5.

17.     The damages awarded by the jury were based on Defendants' sales of infringing Humira from the date of the issuance of the 775 Patent, July 4, 2006, through June 30, 2009.

18.     The jury verdict was entered as a final judgment on December 18, 2009, a copy of which is attached as Exhibit 3. The final judgment awarded Plaintiffs the full amount of lost profit and reasonable royalty damages determined by the jury, for a total of One Billion, Six Hundred Seventy Two Million, Five Hundred Ninety Four Thousand Dollars ($1,672,594,000). Ex. 3 at 2. Plaintiffs were also awarded One Hundred Seventy Five Million, Six Hundred Forty One Thousand, Six Hundred Sixty One Dollars ($175,641,661) in prejudgment interest, as well as their costs. *Id.*

19.     As part of the December 18, 2009 Final Judgment, this Court severed Plaintiffs' continuing causes of action for future damages accruing after the jury verdict, including the amount of any "supplemental damages" that occurred from the date of the jury verdict to the date of the Court's final judgment. *Id.* The severed action was given case number 2:09-cv-389. *Id.*

20.     This Complaint is filed pursuant to the Court's December 18, 2009 Order.

21.     This Court has required Defendants to file quarterly reports in this case beginning on February 1, 2010, identifying the number of units sold with regard to all of Defendants' products found to infringe the 775 Patent.  *Id.*

22.     Since the jury's verdict on June 29, 2009, Defendants have continued to make, use, offer for sale, and/or sell in, and/or import into, the United States, including within this judicial district, adalimumab (also known as D2E7), a monoclonal antibody that binds TNF-α. Adalimumab (D2E7) is sometimes included in a pharmaceutical composition sold at least under the trade name Humira®.  Defendants are infringing, inducing infringement of, and/or contributing to the infringement of, the 775 Patent by virtue of their manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of adalimumab (D2E7) (sometimes in a pharmaceutical composition sold under the trade name Humira®).

23.     Defendants' ongoing manufacture, use, offer for sale, sale, and/or importation of adalimumab/D2E7/Humira® is an infringement of the 775 Patent.  Defendants' defenses of noninfringement, invalidity, and unenforceability were rejected by the jury and this Court in the previous action between the parties and, accordingly, Defendants are precluded from further litigating any issues relating to the infringement, validity, or enforceability of the 775 Patent in this action.

24.     Defendants had actual notice of the jury's verdict on June 29, 2009 and this Court's final judgment on December 18, 2009.  Despite that notice, Defendants continue to infringe, induce infringement of, and/or contribute to the infringement of the 775 Patent.

25.     Defendants' acts of infringement have been deliberate and willful, and in reckless disregard of the Plaintiffs' patent rights.

26.     Plaintiffs have been, and continue to be, damaged by the infringing activities of Defendants.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues triable by jury in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Centocor and NYU respectfully demand the following relief:

(a)     entry of a final judgment that Defendants have continued to infringe the 775 Patent;

(b)     an award of damages sufficient to compensate Centocor and NYU for infringement of the 775 Patent by Defendants since the time of the June 29, 2009 jury verdict, together with prejudgment and post-judgment interest and costs as fixed by the Court as provided by 35 U.S.C. § 284;

(c)     entry of an order compelling Defendants to compensate Centocor and NYU for any ongoing and/or future infringement of the 775 Patent, in an amount and under terms appropriate for the circumstances;

(d)     entry of an order compelling Defendants to continue to make quarterly reports accounting for the number of units of Defendants' infringing products, including but not limited to D2E7/adalimumab/Humira®, that have been sold and manufactured worldwide through the expiration of the 775 Patent;

(e)     entry of an order finding that Defendants' infringement has been willful, and a trebling of the damages award pursuant to 35 U.S.C. § 284;

(f)     a judgment holding this case to be exceptional, and an award to Centocor and NYU of its attorneys' fees, costs, and expenses in this action pursuant to 35 U.S.C. § 285; and

(g)     such other relief as the Court may deem just and proper.


Dated:  December 28, 2009                              **CENTOCOR ORTHO BIOTECH, INC. and NEW YORK UNIVERSITY**

                                                       By its attorneys,

                                                       /s/   Dianne B. Elderkin
                                                       **DIANNE B. ELDERKIN**
                                                       **(Lead Attorney)**
                                                       elderkin@woodcock.com
                                                       **JOSEPH LUCCI**
                                                       **(Of Counsel)**
                                                       lucci@woodcock.com
                                                       **BARBARA L. MULLIN**
                                                       **(Of Counsel)**
                                                       mullin@woodcock.com
                                                       **STEVEN D. MASLOWSKI**
                                                       **(Of Counsel)**
                                                       maslowski@woodcock.com
                                                       **ANGELA VERRECCHIO**
                                                       **(Of Counsel)**
                                                       averrecc@woodcock.com
                                                       **MATTHEW A. PEARSON**
                                                       **(Of Counsel)**
                                                       mpearson@woodcock.com
                                                       **WOODCOCK WASHBURN LLP**
                                                       Cira Centre, 12th Floor
                                                       2929 Arch Street
                                                       Philadelphia, PA 19104-2891
                                                       215-568-3100
                                                       FAX:  215-568-3439

                                                       **RICHARD A. SAYLES**
                                                       **(Of Counsel)**
                                                       Texas State Bar No. 17697500

dsayles@swtriallaw.com
**MARK D. STRACHAN**
**(Of Counsel)**
Texas State Bar No. 19351500
mstrachan@swtriallaw.com
**SAYLES|WERBNER**
*A Professional Corporation*
4400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270
(214) 939-8700
FAX (214) 939-8787

**ATTORNEYS FOR PLAINTIFFS**
**CENTOCOR ORTHO BIOTECH, INC. and**
**NEW YORK UNIVERSITY**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiffs' Complaint was served via ECF filing on counsel of record, as follows, on December 28, 2009.

David J. Beck
Texas Bar No. 00000070
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
Email: dbeck@brsfirm.com

Michael E. Richardson
State Bar No. 24002838
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720
Email: mrichardson@brsfirm.com

William F. Lee
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email: william.lee@wilmerhale.com

William G. McElwain
Amy Kreiger Wigmore
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Email: william.mcelwain@wilmerhale.com
Email: amy.wigmore@wilmerhale.com

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10020
Telephone: (212) 230-8830
Facsimile: (212) 230-8888
Email: robert.gunther@wilmerhale.com

Eric P. Martin
ABBOTT LABORATORIES
Dept. 324, Bldg. AP6A-1, 100
Abbott Park Road
Abbott Park, IL 60064-6008
Telephone: (847) 938-3887
Facsimile: (847) 938-6235
Email: eric.martin@abbott.com

                                        /s/ Dianne B. Elderkin__
                                        Dianne B. Elderkin