## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| CENTOCOR ORTHO BIOTECH, INC.<br>and NEW YORK UNIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, ABBOTT<br>BIORESEARCH CENTER, INC., and<br>ABBOTT BIOTECHNOLOGY LTD.<br><br>Defendants. | Civil Action No. 2:09-cv-389 (TJW)<br><br>JURY TRIAL DEMANDED |

## ANSWER OF ABBOTT LABORATORIES, ABBOTT BIORESEARCH CENTER, INC., AND ABBOTT BIOTECHNOLOGY LTD.

Abbott Laboratories ("Abbott Labs"), Abbott Bioresearch Center, Inc. ("ABC") and Abbott Biotechnology, Ltd. ("ABL") (collectively, "Abbott"), by its undersigned attorneys, hereby respond to the Complaint of Centocor Ortho Biotech, Inc. ("Centocor") and New York University (collectively, "Plaintiffs") as follows:

### NATURE OF THE ACTION

1.    Paragraph 1 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Abbott admits that Centocor's Complaint purports to state a claim for patent infringement and damages.  Abbott admits that a jury verdict was rendered on June 29, 2009 and further states that the verdict speaks for itself.  Abbott admits a judgment was entered on December 18, 2009, and further states that the judgment speaks for itself.  Abbott further states the Plaintiffs have stipulated to the invalidity of certain claims of United States Patent No. 7,070,775 (the "'775 Patent").  Abbott further states that it has filed a

notice of appeal of the judgment entered on December 18, 2009 and prior opinions and orders subsumed therein ("the Judgment"), and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.   Except as admitted, Abbott denies the remaining allegations contained in Paragraph 1 of the Complaint.

## PARTIES

2.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.     Abbott is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.     Abbott Labs admits that Abbott Labs is a corporation organized and existing under the laws of the State of Illinois with a place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

5.     ABC admits that it is a wholly owned subsidiary corporation of Abbott Labs that is organized and existing under the laws of the State of Delaware with a place of business at 100 Research Drive, Worcester, Massachusetts 01605.

6.     ABL admits that it is a wholly owned subsidiary corporation of Abbott Labs that is organized and existing under the laws of Bermuda with a place of business at Carr #2 Km. 59.2, Segundo Piso, Barceloneta, Puerto Rico 00617.

## JURISDICTION AND VENUE

7.     Paragraph 7 of the Complaint contains conclusions of law to which no response is required.   To the extent a response is required, Abbott admits that Plaintiffs' claims purport to arise under the Patent Laws of the United States, Title 35 of the United States Code.

8.      Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Abbott does not contest subject matter jurisdiction for purposes of this action.

9.      Paragraph 9 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Abbott does not contest venue for purposes of this action.

**CLAIMS FOR RELIEF**

10.     Paragraph 10 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Abbott denies that the '775 patent, titled "Recombinant A2-Specific TNF-α Specific Antibodies" was duly and legally issued.  Abbott admits that the '775 patent states on its face that it was issued by the United States Patent and Trademark Office on July 4, 2006.  Abbott admits that the '775 patent states on its face that Centocor and NYU are assignees.  Abbott further admits that Exhibit 1 to the Complaint appears to be a copy of the '775 patent.  Abbott is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Abbott denies that the '775 patent claims antibodies and antibody fragments that bind Tumor Necrosis Factor-α ("TNF-α").  Abbott is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 11 of the Complaint.

12.     Abbott admits that Plaintiffs filed a Complaint on April 16, 2007, and further states that the Complaint speaks for itself.  Abbott further admits that a jury trial was commenced on June 22, 2009 and concluded on June 29, 2009, and that the only asserted claims at issue in

3

the trial were claims 2, 3, 14, and 15 of the '775 patent.  Except as admitted, Abbott denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     Abbott admits that a jury verdict was returned on June 29, 2009, and further states that the verdict speaks for itself.  Abbott further admits that Exhibit 2 appears to be a copy of that verdict.  Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.

14.     Abbott admits that a jury verdict was returned on June 29, 2009, and further states that the verdict speaks for itself.  Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.

15.     Abbott admits that a jury verdict was returned on June 29, 2009, and further states that the verdict speaks for itself.  Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.

16.     Abbott admits that a jury verdict was returned on June 29, 2009, and further states that the verdict speaks for itself.  Abbott further states that the only claims addressed in the verdict were claims 2, 3, 14, and 15 of the '775 patent.  Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or

costs, and the lost profits and prejudgment interest awards are legally flawed. Except as admitted, Abbott denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Abbott admits that the damages awarded by the jury cover the period from July 4, 2006 through June 30, 2009. Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed. Except as admitted, Abbott denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Abbott admits that a judgment was entered on December 18, 2009, and further states that the judgment speaks for itself. Abbott further admits that Exhibit 3 appears to be a copy of that judgment. Abbott denies that the jury verdict was entered as a final judgment. Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.

19. Abbott admits that a judgment was entered on December 18, 2009, and further states that the judgment speaks for itself. Abbott further admits that this action was given case number 2:09-cv-389. Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.

20.     Paragraph 20 of the Complaint contains conclusions of law to which no response is required. To the extent that a response is required, Abbott admits that a judgment was entered on December 18, 2009, and further states that the judgment speaks for itself.

21.     Abbott admits that a judgment was entered on December 18, 2009, and further states that the judgment speaks for itself. Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.

22.     Paragraph 22 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Abbott admits that Abbott, either directly or through one of its subsidiaries and/or affiliates, makes, uses, offers for sale, and/or sells in, or imports into, the United States, Humira,® [adalimumab, and/or D2E7]. Abbott further admits that D2E7 is a monoclonal antibody. Abbott further states the Plaintiffs have stipulated to the invalidity of certain claims of the '775 patent. Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed. Except as admitted, Abbott denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Abbott admits that a jury verdict was returned on June 29, 2009, and further states that the verdict speaks for itself. Abbott further admits that a judgment was entered on December 18, 2009, and further states that the judgment speaks for itself. The remaining allegations of Paragraph 23 contain conclusions of law to which no response is required. To the extent that a response is required, Abbott states the Plaintiffs have stipulated to the invalidity of

certain claims of the '775 patent.  Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott has not infringed and is not infringing any valid claim, Plaintiffs are not entitled to damages or costs, and the lost profits and prejudgment interest awards are legally flawed.   Except as admitted, Abbott denies the remaining allegations contained in Paragraph 23 of the Complaint.

24.   Abbott admits that it had notice of the jury's verdict rendered on June 29, 2009 and judgment entered on December 18, 2009.  The remaining allegations of Paragraph 24 contain conclusions of law to which no response is required.  To the extent that a response is required, Abbott states the Plaintiffs have stipulated to the invalidity of certain claims of the '775 patent.  Abbott further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott continues to assert that it has not infringed and is not infringing any valid claim, that Plaintiffs are not entitled to damages or costs, and that the lost profits and prejudgment interest awards are legally flawed.  Except as admitted, Abbott denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.   Paragraph 25 of the Complaint contains conclusions of law to which no response is required.  To the extent that a response is required, Abbott denies the allegations contained in Paragraph 25 of the Complaint and further states that it has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Abbott continues to assert that it has not infringed and is not infringing any valid claim, that Plaintiffs are not entitled to damages or costs, and that the lost profits and prejudgment interest awards are legally flawed.

26.   Paragraph 26 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Abbott denies the allegations contained in Paragraph 26 of the Complaint and further states that it has filed a notice of appeal of the

Judgment, and for the reasons that give rise to Abbott's appeal, Abbott continues to assert that it has not infringed and is not infringing any valid claim, that Plaintiffs are not entitled to damages or costs, and that the lost profits and prejudgment interest awards are legally flawed.

Abbott denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent Plaintiffs are claiming infringement of any claims of the '775 patent other than claims 2, 3, 14, and 15, such claims are barred by the doctrines of res judicata and/or collateral estoppel.

### Second Affirmative Defense

Plaintiffs are not entitled to seek any relief against Abbott with respect to its alleged infringement of claims 1, 8, 9, 11, 13, and 20 of the '775 patent because Plaintiffs stipulated to the invalidity of those claims in a Joint Stipulation filed on June 15, 2009.

### Third Affirmative Defense

Abbott has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Plaintiffs are not entitled to any relief against Abbott because it has not infringed and is not infringing any valid claim of the '775 patent.

### Fourth Affirmative Defense

Abbott has filed a notice of appeal of the Judgment, and for the reasons that give rise to Abbott's appeal, Plaintiffs are not entitled to any relief against Abbott because the claims of the '775 patent that Plaintiffs have asserted against Abbott are invalid for failing to meet one or more of the requisite conditions of patentability specified by 35 U.S.C. § 101, *et seq.*

### Fifth Affirmative Defense

Plaintiffs have failed to state a claim for willful infringement.

8

### Sixth Affirmative Defense

Pursuant to arbitration awards dated March 5, 2008, and March 13, 2009, a portion of Abbott's activities relating to Humira® are licensed.

### Seventh Affirmative Defense

Any claim by Plaintiffs for lost profits for any post-verdict and/or post-judgment sales of Humira® is barred because Plaintiffs' did not seek an injunction in Civil Action No. 2:07-cv-00139.

### Eighth Affirmative Defense

In the event that the Judgment is reversed on appeal, Plaintiffs claims are barred by the doctrines of *res judicata* and/or *collateral estoppel*.

### JURY DEMAND

Abbott demands a trial by jury of all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Abbott prays for entry of judgment:

A.      Denying all relief sought by Plaintiffs in this Complaint;

B.      Dismissing the Complaint with prejudice;

C.      Awarding Abbott the costs of this suit; and

D.      Declaring this suit to be exceptional, and awarding Abbott its attorneys' fees and such other and further relief as the Court deems just and appropriate.

Dated: January 29, 2010

/s/ David J. Beck
David J. Beck
Texas Bar No. 00000070
Beck, Redden & Secrest, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX.  77010
(713) 951-3700
(713) 951-3720 (Fax)
dbeck@brsfirm.com
Email: dbeck@brsfirm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANTS
ABBOTT LABORATORIES, ABBOTT BIORESEARCH
CENTER, INC., AND ABBOTT BIOTECHNOLOGY
LTD.**

*Of Counsel*:

Michael E. Richardson
State Bar No. 24002838
BECK, REDDEN & SECREST, L.L.P.
1221 McKinney St., Suite 4500
Houston, Texas  77010-2010
Telephone:  (713) 951-3700
Facsimile:  (713) 951-3720
Email:  mrichardson@brsfirm.com

William F. Lee (*pro hac vice* application filed)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Telephone:  (617) 526-6000
Facsimile: (617) 526-5000

10

William G. McElwain (*pro hac vice* application filed)
Amy Kreiger Wigmore (*pro hac vice* application filed)
Amanda Major (*pro hac vice* application filed)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile: (202) 663-6363

Maria K. Vento (*pro hac vice* application filed)
WILMER CUTLER PICKERING HALE AND DORR LLP
1117 California Avenue
Palo Alto, CA 94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100
Email: maria.vento@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 29th day of January, 2010 with a copy of the above-document via the court's CM/ECF System per Local Rule CV-5(a)(3).

/s/ Michael E. Richardson
Michael E. Richardson